UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FINE'S GALLERY, LLC, a Florida
limited liability company,

vs.                                    Case No. 2:11-cv-220-FtM-29SPC

FROM EUROPE TO YOU, INC., a New York
corporation doing business as FROM
EUROPE TO YOU ANTIQUES, JOSEPH
BAILEY, an individual agent of
JOSEPH BAILEY, JR.,

                 Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to Strike Defendants' Affirmative Defenses to Plaintiff's Complaint (Doc. #17) filed on June 3, 2011. Defendants filed an Opposition (Doc. #20) on June 16, 2011.

Plaintiff filed a Verified Complaint (Doc. #1) alleging copyright infringement and violations of the Digital Millennium Copyright Act.[1]  In response, defendants filed an Answer and Affirmative Defenses (Doc. #11) that includes six affirmative defenses, which plaintiff now seeks to strike.

---

[1]The Court notes that the Counts in the Complaint improperly incorporate the paragraphs of the preceding counts, the "quintessential 'shotgun' pleading[s]." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002).

**I.**

Under Fed. R. Civ. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are disfavored, and will be denied unless the allegations have no possible relation to the controversy, may confuse the issues, or may cause prejudice to one of the parties. Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995).

"An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1302 (11th Cir. 1999). Affirmative defenses are subject to the general pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Rule 8(b)(1)(A) requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). As with any pleading, an affirmative defense must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 553 (2007), and state a plausible defense. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009).

**II.**

**First Affirmative Defense**:

Plaintiff seeks to strike the First Affirmative Defense because it provides no factual basis and simply points out deficiencies in the Complaint. The First Affirmative Defense states in its entirety: "Failure to state a claim. Plaintiff fails to state a claim upon which any relief can be granted." (Doc. #11, p. 10.) A complaint fails to state a claim if the allegations, taken as true, show plaintiff is not entitled to relief. Jones v. Bock, 549 U.S. 199, 215 (2007). Such an assertion may be the basis of a motion to dismiss and/or an affirmative defense. Id. The motion to strike the First Affirmative Defense is denied.

**Second Affirmative Defense**:

Plaintiff seeks to strike the Second Affirmative Defense because it is conclusory and does nothing more than allege a defect in plaintiff's case. The Second Affirmative Defense provides in its entirety: "Plaintiff's photographs are not copyrightable, as they do not reach the minimal level of originality required for copyright protection." (Doc. #11, p. 11.) The Court finds that this is an affirmative defense, and that there are sufficient facts alleged to provide adequate notice and state a plausible defense.

Therefore, the motion to strike will be denied.

**Third Affirmative Defense**:

Plaintiff seeks to strike the Third Affirmative Defense, which states in its entirety: "Plaintiff engaged in copyright misuse through its actions and of the filing of this Complaint." (Doc. #11, p. 11.) Plaintiff asserts that the defense is inadequately pled. The Court agrees. The doctrine of copyright misuse is a "judicially crafted affirmative defense to copyright infringement" that has been recognized or applied only sparingly by some circuits, including the Fourth Circuit and Ninth Circuit. Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1157 (9th Cir. 2011). The Fifth Circuit has addressed its "likely" application, Mitchell Bros. Film Grp. v. Cinema Adult Theater, 604 F.2d 852, 864 n.27 (5th Cir. 1979)[2], and the Eleventh Circuit has not accepted or rejected it as a defense, Telecom Technical Servs., Inc. v. Rolm Co., 388 F.3d 820, 831 (11th Cir. 2004). In any event, defendants have not adequately pled a sufficient factual basis to establish a plausible defense. Therefore, the motion to strike will be granted without prejudice to filing an amended affirmative defense.

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

**Fourth Affirmative Defense:**

Plaintiff seeks to strike the Fourth Affirmative Defense, which states in its entirety: "Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands." (Doc. #11, p. 11.) The doctrine of unclean hands requires a showing that plaintiff's wrongdoing is directly related to the claim against which it is asserted, and defendant suffered a personal injury as a result of the conduct. Calloway v. Partners Nat'l Health Plans, 986 F.2d 446, 451 (11th Cir. 1993)(citations omitted). The Court finds this affirmative defense contains no factual allegations which would establish a plausible defense. The motion to strike will be granted without prejudice to filing an amended affirmative defense.

**Fifth Affirmative Defense:**

The Fifth Affirmative Defense provides that "Plaintiff's claims are barred by the doctrine of laches estoppel, and/or waiver." (Doc. #11, p. 11.) Plaintiff seeks to strike only the laches defense. To prevail on a claim of laches, defendants must show that plaintiff delayed in asserting a right or claim, the delay was not excusable, and there was undue prejudice. AmBrit, Inc. v. Kraft, Inc., 812 F.2d 1531, 1545 (11th Cir. 1986). The Fifth Affirmative defense does not allege any facts as to any of the theories which would establish a plausible defense. The motion

will be granted as to all theories without prejudice to filing amended affirmative defense(s).

**Sixth Affirmative Defense:**

Plaintiff seeks to strike defendants' last affirmative defense, which states in its entirety: "Defendants reserve the right to assert other forms of defense which become appropriate after discovery." (Doc. #11, p. 11.) Defendants admit it "is not a specific defense," but is included as a "placeholder". (Doc. #20, p. 8.) Since this is not an affirmative defense, and defendants have not cited to any federal rule which allows a "placeholder", the motion to strike will be granted.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Strike Defendants' Affirmative Defenses to Plaintiff's Complaint (Doc. #17) is **GRANTED** in part and **DENIED** in part as set forth above. Defendants may file amended affirmative defenses within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of November, 2011.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies: Counsel of record