UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FINE'S GALLERY, LLC, a Florida
limited liability company,

    Plaintiff.

vs.	Case No. 2:11-cv-220-FtM-29SPC

FROM EUROPE TO YOU, INC., a New York
corporation doing business as From
Europe To You Antiques, JOSEPH
BAILEY, an individual, also known as
Joseph Bailey, Jr.,

    Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on defendants' Motion to Dismiss Count Five of the Amended Complaint (Doc. #36) filed on January 18, 2012. Plaintiff filed a Memorandum in Opposition (Doc. #41) on February 6, 2012. For the reasons set forth below, the motion is denied.

**I.**

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James

River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007))(internal quotation marks omitted); see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). The former rule -- that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004) -- has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662 (2009). The Court need not accept as true legal conclusions or mere conclusory statements. Id.

**II.**

The First Amended Complaint (Doc. #35) alleges four copyright violations and a patent violation. Only the Count Five patent infringement claim is the subject of defendant's motion to dismiss.

In Count Five, Fine's Gallery alleges that it is the "exclusive licensee of various design patents ("Patents-in-Suit") issued by the United States Patent and Trademark Office ("USPTO") that protect innovative fireplace and other sculpture designs." (Doc. #35, ¶ 47.) Count Five continues by stating that "[a] true

and correct copy of Fine's Gallery patents ("Patents-in-Suit") are attached to this Complaint as indicated in the following table: . . ." as Exhibit K. (Id.) Count Five also states that "[t]he Patents-in-Suit are valid, enforceable," (doc. #35, ¶ 48), and that Fine's Gallery "owns all substantial rights in and to the Patents-in-suit, including the exclusive right to make, have made, use, import, offer or sell products having designs covered by the Patents-in-Suit, to grant sublicenses, to sue for and collect past, present, and future damages, and to seek and obtain injunctive or any other relief for infringement of the Patents-in-Suit," (doc. #35, ¶ 49).

Defendants argue Count Five must be dismissed because plaintiff has no standing to assert a patent infringement claim. Defendants assert that plaintiff is not the patentee and has not attached a valid assignment of the patents from the patentee (Mr. Hadi) to itself to the Amended Complaint. The Assignment of Copyright attached to the Amended Complaint relate to copyrights, and not the patents at issue in Count Five.

A suit for infringement may be brought by a patentee. 35 U.S.C. § 281. A "patentee" includes not only the person or entity "to whom the patent was issued but also the successors in title to the patentee." 35 U.S.C. § 100(d). "A patent owner may transfer all substantial rights in the patents-in-suit, in which case the transfer is tantamount to an assignment of those patents to the

exclusive licensee, conferring standing to sue solely on the licensee." Alfred E. Mann Found. for Scientific Research v. Cochlear Corp., 604 F.3d 1354, 1358-59 (Fed. Cir. 2010)(citing Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A, 944 F.2d 870, 873-74 (Fed. Cir. 1991)). "Only the entity or entities that own or control all substantial rights in a patent can enforce rights controlled by that patent, lest an accused infringer be subjected to multiple suits and duplicate liability." IpVenture, Inc. v. Prostar Computer, Inc., 503 F.3d 1324, 1325 (Fed. Cir. 2007)(collecting cases); AsymmetRx, Inc. v. Biocare Med., LLC, 582 F.3d 1314, 1318-19 (Fed. Cir. 2009). "To determine whether a provision in an agreement constitutes an assignment or a license, one must ascertain the intention of the parties and examine the substance of what was granted." Vaupel, 944 F.2d at 874. See also Waterman v. Mackenzie, 138 U.S. 252, 255 (1891)(A mere license gives the licensee "no title in the patent, and no right to sue at law in his own name for an infringement.").

It is certainly true that plaintiff will have to prove its standing as the assignee of the patents. Plaintiff, however, does not have to attach the assignments to a complaint. Federal Rule of Civil Procedure 10(c) allows the attachment of documents, but does not require such attachment. Defendant's reliance on Mentor H/S Inc. v. Med. Device Alliance, Inc., 240 F.3d 1016, 1017 (Fed. Cir. 2001) is correct, except that the statement was made in the context

of a jury trial, not a motion to dismiss a complaint. The First Amended Complaint alleges that Fine's Gallery is the "exclusive licensee" who owns all "substantial rights" to the patents. The attached exhibits do not contradict these statements, as they do not relate to the patents. The Court finds the allegations of the Amended Complaint sufficient to state a plausible claim for which plaintiff has standing.

Accordingly, it is now

**ORDERED**:

Defendants' Motion to Dismiss Count Five of the Amended Complaint (Doc. #36) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___14th___ day of May, 2012.

_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record